### No. 537

### LOSEE, Admr. v. KRIEGER

Ohio Appeals, 6th Dist., Lucas Co.

No. 1507.   Decided Feb. 24, 1925

1277.  WORDS AND PHRASES — When party interested inserts in petition that administrator "appropriated to his own use, monies, etc." it is sufficient to bring it within 10673 GC., providing for procedure in case of concealment or embezzlement of funds.

YOUNG, J.

Frank Losee, as administrator of the estate of Olive Marquardt, deceased, brought an action in the Lucas Common Pleas against Edward Krieger, the administrator of the estate of John Marquardt, deceased. Losee charged that Krieger in his individual capacity as executor of said estate took possession of and appropriated to his own use certain monies and other personal property belonging to the deceased, Olive Marquardt, formerly the wife of John Marquardt. At the conclusion of the evidence a verdict was directed in favor of Krieger upon motion and Losee prosecuted error.

Losee contended that the lower court erred in directing a verdict and in excluding certain evidence offered by him. Krieger contended that the action coming under 10673 GC. where complaint is made against anyone suspected of having concealed, embezzled or conveyed goods or chattels of decedent; is criminal in its nature and that criminality was to be proven. Losee claimed that criminal intent need not be proven, because 10678 GC. provides a penalty in case a jury has found the accused guilty as stated above. The Court of Appeals held:

1. Losee's allegation of misappropriation of monies on part of Krieger comes within the purport of 10673 GC, and states a good cause of action. Therefore testimony is admissible tending to show that there was such embezzlement as charged.

2. The lower court erred in excluding evidence tending to show that property of Olive Marguardt was appropriated and withheld by Krieger. It was competent to offer evidence tending to show that Olive Marguardt was incapiated from transacting business at a time when it was claimed she disposed of some of her property. Judgment reversed.

Attorneys—C. A. Thatcher and Chester A. Meck for Losee; Marshall & Fraser, George R. Effler, & W. T. S. O'Hara for Krieger; all of Toledo.